IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DOYLE R. HAM, JR.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-1706 |
| **DEP'T OF PUB. SAFETY AND CORR. SERVS.** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Doyle R. Ham, Jr., *pro se* filed this lawsuit claiming discrimination pertaining to his employment with the Maryland Department of Public Safety and Correctional Services. (Compl., ECF No. 1.) He has requested appointment of legal counsel. (ECF No. 3.) In a civil case such as this one alleging employment discrimination, an indigent litigant does not have a constitutional right to counsel, but the court may appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989). In determining whether exceptional circumstances exist, a court considers "'the type and complexity of the case as well as the abilities of the individual bringing it.'" *Id*. At this preliminary stage of the proceedings, the issues do not appear unduly complex and Plaintiff has adequately articulated his complaint. Consequently, exceptional circumstances do not exist. The motion for appointment of counsel will be denied without prejudice.

Accordingly, it is this 20th day of August, 2012, by the United States District Court for the District of Maryland hereby ORDERED:

1. Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice; and

2. The Clerk shall ensure all parties receive a copy of this order.

/s/<br>
James K. Bredar<br>
United States District Judge