IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DOYLE R. HAM, JR., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-1706 |
| DEP'T OF PUB. SAFETY AND CORR. SERVS. *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### I. Background

Doyle R. Ham, Jr., *pro se* filed this lawsuit claiming employment discrimination against him in his work as a correctional maintenance officer (electrician) with the Maryland Department of Public Safety and Correctional Services (the "Department"). (Compl., ECF No. 1.) In addition to his employer, Ham sued several named individuals, none of whom can be considered his employer and, therefore, will be dismissed as not proper defendants in this Title VII employment discrimination case. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for Title VII violations"). Thus, Oquenta McGinnis, Lakeisha Parker, Gary Young, Goldie Layman, Governor O'Malley, and Gary D. Maynard will be dismissed from the case.[1]

Pending before the Court is the Department's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), asserting Ham failed to exhaust his claims and failed to state

---

[1] Defendant Dale Sandbek was previously dismissed from the case. (ECF No. 14.)

a plausible claim for relief. (ECF No. 25.) The Court has considered it, Plaintiff's response in opposition (ECF No. 26), and the Department's reply (ECF No. 27). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be granted.

## *II. Analysis*

A plaintiff's failure to exhaust administrative remedies for a Title VII claim deprives federal courts of subject-matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Id.* at 300 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996)). Stated differently, if the claims made in a judicial complaint are reasonably related to a plaintiff's EEOC charge and if they can be expected to follow from a reasonable administrative investigation, then those claims may be included in the subsequent lawsuit. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The description of the conduct in the EEOC charge must parallel the conduct described in the judicial complaint. *See Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005) ("We hold that a plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.").

Construing liberally Ham's *pro se* complaint, the Court culls from it the following allegation falling within the purview of Title VII: Ham was the subject of untrue rumors, circulated by a correctional officer, to the effect he was having sexual relations with female inmates at Maryland Correctional Institution for Women ("MCI-W"), and this occurred in the time period of 2006 to 2009 before he was reassigned to Jessup Correctional Institution April 22,

2009. (Compl. 5-13.) This allegation relates to conduct that perhaps arguably could be regarded as sexual harassment since he alleges he complained to management, who did not respond. Although Ham's complaint includes many incidents over the years in which he believed he was treated unfairly, these incidents all seem to have occurred because of friction between Ham and various Department supervisors and employees and none is alleged to have a plausible basis in the types of discrimination and retaliation made unlawful by Title VII. Ham also submitted to the Court a document entitled, "Amended Complaint," which the Court permitted to be filed as a supplement to his original complaint. (ECF No. 15.) However, it contains no allegations of discriminatory or retaliatory conduct within the scope of Title VII. Thus, the one allegation that may reasonably be regarded as properly before the Court is the one interpreted as sexual harassment.

Ham attached to his response in opposition to the motion to dismiss a number of documents that, he asserts, supports a conclusion that he exhausted his administrative remedies before filing suit. The only mention of sexual harassment in any of Ham's administrative proceedings is in the final report of the Maryland Commission on Civil Rights ("MCCR"), dated September 17, 2012. (Pl.'s Opp'n, Ex. 18 (Attachment 13), ECF No. 26.) There, the investigator stated, "The Complainant acknowledged that his claim of sexual harassment and discrimination based on his sexual orientation occurred prior to the discrimination dates in his Charge of Discrimination and, therefore, were untimely for consideration by MCCR." (*Id.* 5 (also noting Ham's claim of discriminatory treatment because of age predated discrimination dates in charge and was also untimely).) The Court concludes that Ham has failed to exhaust his administrative remedies on his one arguably plausible claim under Title VII. Further, Ham's pleadings do not state any other claim for relief under the aegis of Title VII.

*III. Conclusion*

Defendants have presented meritorious grounds for dismissal of this lawsuit. A separate order will be entered reflecting the contents of this memorandum.[2]

DATED this __7__ day of March, 2013.

BY THE COURT:

James K. Bredar
United States District Judge

---

[2] The Court has found within the attachments to Ham's response in opposition a copy of his administrative charge filed with the MCCR. Because it contains information that should have been redacted, the Clerk will be directed to seal the attachment (Attachment # 9). Also, Ham's motion to deny an extension of time (ECF No. 23) will be denied as moot.